## BARBOUR v. JOHN B. BLAND.

**Statutory Provisions — Construction.**

A statute requiring a guardian to enter into covenant to an infant with good surety is not violated where the bond is made payable to the State. It is thus as available and effectual to the infant.

**Infants — Nonresident — Guardian Ad Litem — Sale of Infant's Real Estate.**

It is error to render a decree for the sale of an infant defendant's real estate before a guardian *ad litem* is appointed, notwithstanding she is a nonresident and an attorney was appointed to defend for her as such. This error is not, however, necessarily fatal to a sale if it appears to be beneficial to the infant.

APPEAL FROM LOUISVILLE CHANCERY COURT, JEFFERSON COUNTY.

February 17, 1866.

OPINION BY THE COURT:

Appellee, as statutory guardian for Josephine G. Martin, filed a petition against his ward and William N. Martin, her father, in the Louisville Chancery Court, praying for a decree for the sale of two lots in the city of Louisville, in which said William N. Martin had a life estate and the infant the reversionary interest by descent from her mother.

William N. Martin answered and united in the prayer of appellee for a sale of the lots, and asked that the value of his life estate therein should be ascertained and paid to him out of the proceeds of the sale.

Josephine G. Martin was alleged to be a nonresident, and was proceeded against as such by warning order and the appointment of an attorney to defend for her, but no guardian *ad litem* was appointed, and no defense to the action was made for her.

In this condition of the case a decree for a sale was rendered and a sale made of the lots, at which appellant purchased one, but failed to execute bonds for the price which he bid therefor, upon the grounds, as he alleges in his response to the rule against him to show cause why he had failed to execute his bonds as purchaser, that the proceedings in the case are irregular and invalid, and he cannot get a good title to the lot in consequence thereof. The response was deemed insufficient, and the rule made absolute by the court below and Barbour has appealed.

The three principal grounds relied upon for a reversal will be noticed in their numerical order.

1. That there was no guardian *ad litem* appointed, and no defense made for the infant before the decree for the sale was rendered.

*By chapter 86, 2 Rev. Stat. 303,* the Legislature has authorized the judicial sales of infants' real estates, when it is to their interest that such sales should be made, and the prerequisites therein prescribed are complied with by the fifth subsection of *section 1, article 3 of chapter 86, supra.* It is provided that "all" persons interested in the land, and the statutory guardians of the infants, if any, who are not petitioners, *must* be made parties. As, therefore, the infant was a necessary party and did not join as co-plaintiff in the petition she was properly made a defendant, and before any decree was rendered for the sale of her real estate a guardian *ad litem* should have been appointed by the court, and an answer put in for her. This was not done.

The next objection is as to the sufficiency of the bond or covenant executed by the guardian.

*The third subsection of section 2 of article 3 of chapter 86, supra,* requires that the guardian shall enter into coverant to the infant, with good surety to be approved by the court, stipulating for a faithful discharge of all his duties under this act and under any order or decree of the court in pursuance hereof.

The guardian executed a covenant with surety approved by the court, conforming in all respects to the requirements of *section, supra,* except that it is executed to the Commonwealth of Kentucky for the use and benefit of said Josephine G. Martin, instead of being executed directly to her.

This covenant must be regarded altogether as available to the infant and as effectual to secure her from loss as if it had been executed directly to her, and is a substantial compliance with the requisitions of the *section, supra.*

As to the next and last objection which we deem necessary to notice, and which relates to the failure of the guardian to make proof of the propriety or expediency of the sale, it is sufficient to say that *under subsection 1 of section 2,* three commissioners must be appointed to report, and must report under oath to the court, the net value of the infant's real and personal estate, and the annual profits thereof, and whether the interest of the infant or idiot requires the sale to be made.

The three commissioners as herein directed were appointed and they reported under oath that the interest of the infant required

a sale of the lots to be made, and upon the coming in of that report the court was authorized to dispense with further proof, as *subsection 2* is not imperative, but leaves it to the discretion of the court whether additional proof will be required.

The second and third objections to the decree are, therefore, unavailing. But for the error in failing to appoint a guardian *ad litem* for the infant defendant the decree is reversed; this error is not, however, necessarily fatal to the sales which appear to be beneficial to the infant, and a reasonable time allowed for the perfection of the title upon the return of the cause, and upon a failure to do so the sale should be set aside, and appellants should not be compelled to pay the purchase money until they can get a clear title to the lots.

By section 2 of article 3 of the statute, *supra*, three prerequisites are named as necessary to confer jurisdiction upon courts of equity to decree sales of infants' real estate. But a failure to make all the persons interested parties, or to have any of the necessary parties properly before the court, or to appoint a guardian *ad litem* for an infant defendant before the rendition of the decree, will not deprive the court of jurisdiction because neither of them is required for that purpose. Such failure, however, is erroneous, and must result in a reversal.

The decree is, therefore, reversed, and the cause remanded with directions that a guardian *ad litem* be appointed for the infant defendant, and for such other proceedings as may be consistent herewith.